**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Jack Logan,              ) | |
|             ) | |
|        Plaintiff,      ) | |
|             ) | Civil Action No. 6:25-cv-5588-TMC |
|      v.              ) | |
|             ) | **ORDER** |
| Berkley Point Apartments,    ) | |
|             ) | |
|        Defendant.     ) | |
| _____ ) | |

Plaintiff Jack Logan, a *pro se* litigant proceeding *in forma pauperis*, filed this action against Defendant Berkley Point Apartments alleging that Defendant violated his rights under federal law by imposing a no trespass policy as to Plaintiff after Plaintiff reported to law enforcement that illegal drug activity was occurring on Defendant's property. (ECF Nos. 1 at 5; 16 at 1). Plaintiff claims the application of the "no trespass" policy was discriminatory in violation of his civil rights and also constituted "slander." (ECF No. 1 at 5). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 14), concluding that to the extent Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, they are subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) because Defendant is not a "person" subject to suit under § 1983 and was not acting under color of state law. *Id*. at 4–6. To the extent Plaintiff asserts a claim for slander under state law, the magistrate judge concluded, in part, that the complaint fails to allege facts that would support a plausible state law claim upon which relief could be granted. *Id*. at 3–4. Accordingly,

the magistrate judge recommends that this court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. *Id*. at 6.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir.

2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

Plaintiff filed objections to the Report, repeating the factual assertions he made in the complaint. (ECF No. 16). Plaintiff's objections do not relate to or in any way address the findings or conclusions set forth in the Report, and the court overrules them. Nothing set forth in the objections cures the deficiencies noted in the Report that subject this case to summary dismissal. The court has reviewed the Report under a *de novo* standard, finds no error in the Report and can discern no basis for deviating from the Report. The court agrees with and wholly **ADOPTS** the magistrate judge's findings, conclusions and recommendations in the Report (ECF No. 14), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

s/Timothy M. Cain
Chief United States District Judge

October 20, 2025
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.